# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMY SCOTT | ) | 3:20-CV-00211 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN JAFFER | ) | |
| *Defendant.* | ) | February 13, 2020 |

## ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge:

The Plaintiff filed a Complaint in which she seeks a restraining order against the Defendant, her ex-husband, precluding him from having contact with, or taking certain actions with respect to, their minor child. For the reasons that follow, this matter is dismissed, *sua sponte,* for lack of jurisdiction.

As a preliminary matter, the court may raise the question of whether it has subject matter jurisdiction at any stage of the proceeding and "[w]here jurisdiction is lacking . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Federal courts have subject matter jurisdiction over matters in which a federal question is raised or where there is diversity of citizenship between parties. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Here, there is no basis for federal question jurisdiction. The Plaintiff does not identify any provision of federal law under which she seeks a restraining order against the Defendant. In fact, it appears that the appropriate course of action for Plaintiff would be to make an application in the Connecticut Superior Court for an emergency ex parte order of custody pursuant to CONN. GEN. STAT. § 46b-56f.

Plaintiff's cause of action also does not meet the requirements of diversity jurisdiction. First, according to Plaintiff's Complaint and her motion for leave to proceed in forma pauperis, it appears that both Plaintiff and Defendant are Connecticut citizens. Additionally, Plaintiff only seeks a restraining order against the Defendant, she does not seek damages in excess of $75,000. As a result, diversity jurisdiction is also lacking.

Accordingly, this matter is dismissed, *sua sponte,* for lack of jurisdiction. The clerk of the court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of February 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE